Attorneys for Defendant FMS Investment Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| E.L. SMALLWOOD, | ) | Case No. 11 CV-00977-CFD |
| | ) | |
| Plaintiff, | ) | ANSWER OF DEFENDANT FMS |
| | ) | INVESTMENT CORP. TO PLAINTIFF'S |
| vs. | ) | COMPLAINT |
| | ) | |
| FMS INVESTMENT CORP., | ) | |
| d/b/a Financial Management Systems, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant FMS Investment Corp., d/b/a Financial Management Systems, ("FMS") appearing for itself and no others, hereby answers the Complaint of Plaintiff E.L. Smallwood, as follows:

## INTRODUCTION

1.  FMS admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), but denies

violating the FDCPA and denies any liability or wrongdoing to the extent alleged in ¶ 1. Except as expressly admitted, FMS denies the remaining allegations in ¶ 1.

## JURISDICTION

2. FMS admits to the allegations contained in ¶ 2 for jurisdiction purposes only.

3. FMS admits to the allegations contained in ¶ 3 for personal jurisdiction purposes only.

4. FMS admits to the allegations contained in ¶ 4 for venue purposes only.

5. FMS denies the allegations contained in ¶ 5.

## PARTIES

6. FMS lacks sufficient information to answer the allegations contained in ¶ 6, and on that basis denies the same. FMS denies violating the FDCPA and denies any liability or wrongdoing to the extent alleged in ¶ 6.

7. FMS lacks sufficient information to answer the allegations contained in ¶ 7, and on that basis denies the same.

8. FMS admits that it is a corporation with an office at the address alleged and that it engages in the collection of debt. FMS admits that when it acts as a debt collector as defined in 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA. Except as specifically admitted, FMS denies the allegations in ¶ 8.

9. FMS admits that when it acts as a debt collector as defined in 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA. Except as specifically admitted, FMS denies the allegations in ¶ 9.

10. FMS lacks sufficient information to answer the allegations contained in ¶ 10, and on that basis denies the same.

## PRELIMINARY STATEMENT

11. Paragraph 11 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

12. Paragraph 12 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

13. Paragraph 13 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

14. Paragraph 14 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an

answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

## FACTUAL ALLEGATIONS

15.     FMS admits that its records indicate that an account identifying Plaintiff as the account holder was placed with it for collections and that FMS undertook lawful efforts to collect on the account.  Except as expressly admitted, FMS denies the remaining allegations in ¶ 15.

16.     FMS lacks sufficient information to answer the allegations contained in ¶ 16, and on that basis denies the same.

17.     FMS denies the allegations contained in ¶ 17.

18.     FMS denies the allegations contained in ¶ 18.

19.     FMS admits that its records indicate that an account identifying Plaintiff as the account holder was placed with it for collections and that FMS undertook lawful efforts to collect on the account.  Except as expressly admitted, FMS denies the remaining allegations in ¶ 19.

20.     FMS admits that its records indicate that an account identifying Plaintiff as the account holder was placed with it for collections and that FMS undertook lawful efforts to collect on the account.  FMS admits it uses 866-430-9331 and 877-291-8405 in the ordinary course of business.  Except as expressly admitted, FMS denies the remaining allegations contained in ¶ 20.

21.     FMS denies the allegations contained in ¶ 21.

22. FMS admits its records indicate it sent correspondence to Plaintiff regarding an account placed with it for collection. FMS avers the correspondence speaks for itself and is the best evidence of its content. Except as expressly admitted, FMS denies the allegations contained in ¶ 22.

23. FMS admits that its records indicate that an account identifying Plaintiff as the account holder was placed with it for collections and that FMS undertook lawful efforts to collect on the account. Except as expressly admitted, FMS denies the remaining allegations in ¶ 23.

24. FMS admits its records indicate it received correspondence dated June 30, 2010 from Plaintiff regarding an account placed with it for collection. FMS avers the correspondence speaks for itself and is the best evidence of its content. Except as expressly admitted, FMS denies the allegations contained in ¶ 24.

25. FMS admits its records indicate it sent correspondence dated July 19, 2010 to Plaintiff regarding an account placed with it for collection. FMS avers the correspondence speaks for itself and is the best evidence of its content. Except as expressly admitted, FMS denies the allegations contained in ¶ 25.

26. FMS denies the allegations contained in ¶ 26.

27. FMS denies the allegations contained in ¶ 27.

28. FMS denies the allegations contained in ¶ 28.

29. FMS denies the allegations contained in ¶ 29.

30. FMS denies the allegations contained in ¶ 30.

31.   FMS denies the allegations contained in ¶ 31.

32.   FMS admits that its records indicate that an account identifying Plaintiff as the account holder was placed with it for collections and that FMS undertook lawful efforts to collect on the account. FMS denies violating the FDCPA and denies any liability or wrongdoing. Except as expressly admitted, FMS denies the remaining allegations in ¶ 32.

## CONSTRUCTION OF APPLICABLE LAW

33.   Paragraph 33 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

34.   Paragraph 34 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

35.   Paragraph 35 of the Complaint directs no allegations toward FMS and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, FMS denies violating the FDCPA and denies any liability or wrongdoing.

# COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

36. FMS denies the allegations contained in ¶ 36, paragraphs a through j, inclusive.

## PRAYER FOR RELIEF

A. FMS admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

B. FMS admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

C. FMS admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

D. FMS admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

## DEMAND FOR JURY TRIAL

Defendant FMS admits that Plaintiff makes a demand for a jury trial in his Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As a first affirmative defense, FMS alleges that Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Bona Fide Error: FDCPA)

As a second affirmative defense, FMS alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

### THIRD AFFIRMATIVE DEFENSE
(Consent)

As a third affirmative defense, FMS alleges that Plaintiff consented to and/or invited the conduct for which he seeks relief.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

As a fourth affirmative defense, FMS alleges that Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

As a fifth affirmative defense, FMS alleges any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of FMS, or for whom FMS is not responsible or liable.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a sixth affirmative defense, FMS alleges assuming that Plaintiff suffered any damages, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

As a seventh affirmative defense, FMS states that it currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. FMS reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant FMS respectfully requests that:

1. Plaintiff take nothing by way of this Complaint;

2. Judgment of dismissal be entered in favor of Defendant FMS;

3. Defendant FMS be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4. Defendant FMS be granted such other and further relief as the Court deems just and proper.

Dated: 9/6/11

_____
Attorneys for Defendant
FMS Investment Corp.